UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REBEL COMMUNICATIONS, LLC, a<br>Nevada Limited Liability Company,<br><br>            Plaintiff,<br><br>v.<br><br>VIRGIN VALLEY WATER DISTRICT, a<br>political subdivision in the State of Nevada, et<br>al.,<br><br>            Defendants. | 2:10-CV-00513-LRH-PAL<br><br>ORDER |

On June 29, 2010, this court held a status conference to address the scheduling of several motions pending before the court, including a motion for a temporary restraining order (##15, 16[1]), a motion for a preliminary injunction (#17), two motions to dismiss (##18, 20), and a motion to stay discovery (#19). At the conference, the court instructed Plaintiff Rebel Communications that if it sought discovery concerning Defendant Robert Smith's Motion to Dismiss (#18), Rebel must request such discovery through a motion. In response, Rebel filed the motion to complete expedited discovery and to extend the briefing schedule (#29) now before the court. Defendant Smith has filed an opposition (#36), and Defendants City of Mesquite and Virgin Valley Water District ("VVWD") have joined the opposition (## 37, 38).

---

[1] Refers to the court's docket entry number.

Smith was a City Councilman for the City of Mesquite and was appointed as the Council's representative to the Water District's Board of Directors. Rebel's claims against Smith are based on two statements Smith made during a meeting of the VVWD on April 15, 2008. Specifically, Rebel alleges that, at the meeting, Smith stated that Rebel was "engaged in terrorist behavior and that Rebel's actions to enforce its Agreement constituted an act of war and a threat of terrorism." (Compl. (#1) ¶ 36.) Rebel further alleges that Smith, in his capacity as the City's appointed representative on the Board, stated that Rebel was "in violation of FCC ruling 333 relating to the illegal blocking or jamming of wireless communications." (Id., ¶ 37.) That provision states, "No person shall willfully or maliciously interfere with or cause interference to any radio communications of any station licensed or authorized by or under this chapter or operated by the United States Government." 47 U.S.C. § 333.

Rebel alleges only a claim of business disparagement against Smith. Smith has asked the court to dismiss this claim for the following reasons: (1) the claim violates Nevada's Anti-SLAPP provisions because the claims constitute a "strategic lawsuit against public policy"; (2) the *Noerr-Pennington* doctrine, which provides immunity to those who petition the government for the redress of grievances, bars the claim; and (3) Smith's statements are absolutely privileged as statements made by a member of a public body during a public meeting under Nevada Revised Statutes section 241.0353.

Nevada's Anti-SLAPP statute, Nevada Revised Statutes sections 41.635 - 41.670, provides a remedy for defendants faced with "Strategic Lawsuits Against Public Participation." "A person who engages in good faith communication in furtherance of the right to petition is immune from civil liability for claims based upon the communication." Nev. Rev. Stat. § 41.650. In relevant part, section 41.637 defines a "good faith communication in furtherance of the right to petition" as any "[w]ritten or oral statement made in direct connection with an issue under consideration by a legislative, executive or judicial body, or any other official proceeding authorized by law, which is

truthful or is made without knowledge of its falsehood." Nev. Rev. Stat. § 41.637(3).

"[D]efendants sued in federal court can bring an anti-SLAPP motion to strike state law claims . . . ." *Verizon Del., Inc. v. Covad Comm. Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) (citations omitted). Under Nevada Revised Statutes section 41.669, if a person is sued based upon good faith communications in furtherance of the right to petition, the person against whom the action is brought may file a special motion to dismiss. The court is to treat the special motion to dismiss as a motion for summary judgment, and the court must stay discovery pending a ruling on the motion. Nev. Rev. Stat. § 41.660 (3). However, in federal court, a plaintiff is entitled to seek limited discovery to oppose an Anti-SLAPP motion. *See e.g., Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 850 (9th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (a court is required to permit discovery where the nonmoving party has not had the opportunity to discover information that is essential to its opposition). Limited discovery is permitted when the plaintiff has "identified and requested discovery of probative information solely available from the defendants." *Metabolife*, 264 F.3d at 850.

Here, Rebel seeks deposition testimony from Defendants as well as limited document production and interrogatories relating to statements Smith made about Rebel at VVWD's April, 15, 2008, hearing. In support of the special motion to dismiss, Smith filed a declaration stating that any statements that he made concerning Rebel were "undertaken by [him] in good faith" and that, as for each statement, he "knew [the statement] to be true based upon his involvement as a Board Member." (Def.'s Special Mot. Dismiss (#18), Smith Aff. ¶ 2.) Rebel argues that information about Smith's knowledge and reasoning is solely within Smith's control, and, without contradictory evidence of Smith's mental state or knowledge, Rebel cannot oppose the Anti-SLAPP motion.[2] *See e.g., Metabolife*, 264 F.3d at 846-47.

---

[2] Rebel further seeks deposition testimony from the Secretary of the VVWD and any other representative responsible for issuing notice of the April 15, 2008, meeting. Rebel notes that Nevada law

3

1    Smith counters that, regardless of the Anti-SLAPP portion of the motion to dismiss, he is
2 entitled to absolute immunity under Nevada Revised Statutes section 241.0353. In relevant part,
3 section 241.0353 provides, "Any statement which is made by a member of a public body during the
4 course of a public meeting is absolutely privileged and does not impose liability for defamation or
5 constitute a ground for recovery in any civil action." Nev. Rev. Stat. § 241.0353(1). Smith
6 contends that because Rebel's claim against Smith is based entirely on statements he made at a
7 public meeting, any claims based on these alleged statements are absolutely privileged. As such,
8 Rebel need not conduct any discovery to address this immunity argument.

9    The court agrees that if Smith is entitled to absolute immunity under section 241.0353,
10 discovery will be unnecessary. Accordingly, the court will grant Rebel three (3) days to respond to
11 the portions of Smith's Motion to Dismiss relating to immunity under section 241.0353. Rebel
12 need not respond to Smith's Anti-SLAPP arguments. The court will further grant Smith two (2)
13 days to file a reply. After reviewing the parties' arguments, the court will determine whether Smith
14 is entitled to absolute immunity. If he is entitled to such immunity, the court will grant the motion
15 to dismiss. If he is not entitled to such immunity, the court will then determine whether to grant
16 Rebel's Motion for Expedited Discovery.

17    IT IS THEREFORE ORDERED that Rebel shall have three (3) days from the entry of this
18 order to respond to the portions of Smith's Motion to Dismiss (#18) relating to immunity under

19 ///
20 ///
21 ///

---

23  requires public bodies to provide notice of any meeting that considers the character, alleged misconduct, or
    professional competence of any person, Nev. Rev. Stat. § 241.033, and neither Rebel nor Cody Whipple
24  received such notice. Rebel contends that VVWD's failure to provide the required notice evidences VVWD's
    mental state and an absence of good faith. However, only Defendant Smith filed the Anti-SLAPP motion, and
25  the mental state of other VVWD representatives cannot be imputed onto Smith.

section 24.0353.  Smith shall have two (2) days to file a reply.

IT IS SO ORDERED.

DATED this 12th day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE