UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REBEL COMMUNICATIONS, LLC, a Nevada Limited Liability Company,<br><br>           Plaintiff,<br><br>v.<br><br>VIRGIN VALLEY WATER DISTRICT, a political subdivision in the State of Nevada, et al.,<br><br>           Defendants. | 2:10-CV-00513-LRH-PAL<br><br>ORDER |

On July 22, 2010, this court held a hearing in Las Vegas, Nevada, at the conclusion of which the court ruled on several motions pending before the court. In particular, the court indicated that it would (1) deny Plaintiff Rebel Communication's Motion for Temporary Restraining Order (##15, 16) and Preliminary Injunction (#17), (2) grant Defendant Robert Smith's Motion to Dismiss (#18), (3) deny Plaintiff Rebel Communication's Motion to Expedite Discovery (#19), (4) withhold ruling on Rebel's Motion to Amend (#39) pending further briefing, and (5) stay discovery pending a ruling on the motion to amend.

As the court indicated at the hearing, this written order serves to clarify and explain in greater detail the court's rulings on (1) the motions for temporary restraining order and preliminary injunction and (2) Smith's Motion to Dismiss (#18).

## I. Rebel's Motions for Temporary Retraining Order and Preliminary Injunction

A plaintiff seeking a preliminary injunction must establish (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) that an injunction is in the public interest. *Winters v. Natural Resources Defense Council*, 129 S. Ct. 365, 374 (2008) (citations omitted). I will address each of these factors below.

At the hearing, the court found that Rebel had demonstrated a likelihood of success on the merits of its breach of contract claim and that the balance of hardships favored Rebel. However, the court indicated that Rebel had failed to demonstrate a likelihood of irreparable harm. The court so found because the harm that Rebel may suffer absent an injunction is readily compensable with money damages. Although Rebel has attempted to analogize its lease with the Water District to the ownership of real property that is unique, the court does not agree with this comparison. At its core, this is a breach of contract dispute concerning the use, rather than the ownership, of real property. The potential harm that Rebel faces stems from its inability to enter into agreements for the use of its telecommunications tower with state and municipal agencies. This type of harm, although possibly quite detrimental to Rebel's business, can nonetheless be compensated for with money damages. That there may be a limited number of agencies requiring the use of telecommunications towers in the area may increase the size of the damage award. It does not, however, make the harm irreparable.

Further, the public interest in this case does not favor the entry of a preliminary injunction. The Bureau of Land Management continues to own the land upon which Rebel constructed its tower. As such, regardless of Rebel's lease with the Water District, the BLM ultimately controls whether Rebel can operate the tower. The evidence before the court suggests that, to date, the BLM has not authorized Rebel to operate the tower. Accordingly, if the court were to grant the preliminary injunction, many public agencies would not be able to use either the Rebel tower or

the City of Mesquite tower.  In an area where the number of available telecommunications towers is already limited, such a restriction on this important public infrastructure is not in the public interest.

## II.     Smith's Motion to Dismiss

At the hearing, the court also denied Smith's Motion to Dismiss (#18), finding that Smith is entitled to absolute immunity under Nevada Revised Statutes section 241.0353 for statements he made during the course of public meetings held by the Virgin Valley Water District.  The court emphasizes, however, that to the extent Rebel seeks to assert claims against Smith based on statements made outside of any public meetings, section 241.0353's immunity does not protect Smith from liability.  *See* Nev. Rev. Stat. § 241.0353(1) (emphasis added) ("Any statement which is made by a member of a public body *during the course of a public meeting* is absolutely privileged and does not impose liability for defamation or constitute a ground for recovery in any civil action.")

IT IS THEREFORE ORDERED that Rebel's Motion for Temporary Restraining Order (#15) and Amended Motion for Temporary Restraining Order (#16) are DENIED.

IT IS FURTHER ORDERED that Smith's Motion to Dismiss (#18) is GRANTED.

IT IS FURTHER ORDERED that Smith's Motion to Stay (#19) is DENIED as moot.

IT IS FURTHER ORDERED that Rebel's Motion to Expedite Discovery is DENIED.

///
///
///
///
///
///
///

1    IT IS FURTHER ORDERED that Rebel's Motion for Leave to File a Reply (#54) is
2 GRANTED.
3    IT IS FURTHER ORDERED that discovery in this matter is stayed pending a ruling on
4 Rebel's Motion to Amend (#39).
5    IT IS SO ORDERED.
6    DATED this 27th day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE