UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REBEL COMMUNICATIONS, LLC, a Nevada Limited Liability Company,<br><br>             Plaintiff,<br><br>v.<br><br>VIRGIN VALLEY WATER DISTRICT, a political subdivision in the State of Nevada, et al.,<br><br>             Defendants. | 2:10-CV-00513-LRH-PAL<br><br>ORDER |

Before the court is Plaintiff Rebel Communications' Motion to Amend (#39[1]). Defendant Robert Smith has filed an opposition (#65), joined by Defendants City of Mesquite (#66) and Virgin Valley Water District (#67), to which Rebel replied (#68).

**I.      Legal Standard**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading once "as a matter of course" before a responsive pleading is served. Fed. R. Civ. P. 15(a). If a responsive pleading has been filed, the "party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a)(2). Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Jones v. Bates*, 127

---

[1] Refers to the court's docket entry number

F.3d 839, 847 n.8 (9th Cir. 1997); *DCD Program, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987).

"In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15 – to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Program*, 833 F.2d at 186 (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality" insofar as the motion to amend is not sought in bad faith, does not cause the opposing party undue delay, does not cause the opposing party undue prejudice, and does not constitute an exercise in futility. *Id.* The party opposing the amendment bears the burden of showing prejudice. *Id.* at 187 (citing *Beeck v. Aqua Slide' N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977)).

**II.   Discussion**

Defendants urge the court to deny the motion to amend because Rebel's suggested amendments are futile. "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim for defense." *Doe v. Nevada*, 356 F.Supp.2d 1123, 1125 (D. Nev. 2004). "As denying a plaintiff's motion to amend due to the futility of the proposed amendment has the effect of granting a motion to dismiss the plaintiff's proposed claim, [the court] construes all pleaded facts in the complaint as true and draws all inferences in favor of the plaintiff." *Id.*

Rebel seeks to amend its complaint to assert claims against Smith, Karl Gustaveson, and Tim Hacker. In particular, Rebel seeks to expand the following claims to include these individuals as defendants: (1) intentional interference with prospective economic advantage; (2) civil conspiracy; (3) concert of action; and (4) business disparagement.[2] The court will address each of

---

[2] Initially, Rebel also sought to add claims under 42 U.S.C. §§ 1983 and 1985. Rebel has since agreed to withdraw these proposed amendments. In addition, Rebel seeks to amend its claim for intentional infliction of contractual relations to add Tim Hacker as a party to that claim. Because there has been no opposition to this amendment and because the amendment does not appear futile, sought in bad faith, or likely to cause undue

2

these claims below.

**A. Intentional Interference with Prospective Economic Advantage**

A cause of action for interference with prospective economic advantage requires the following: "(1) a prospective contractual relationship between the plaintiff and third party; (2) knowledge by the defendant of prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct." *Wichinsky v. Mosa*, 847 P.2d 727, 729-30 (Nev. 1993) (citing *Leavitt v. Leisure Sports, Inc.*, 734 P.2d 1221, 1221 (Nev. 1987)).

Rebel seeks to amend this claim to add as defendants Smith, Gustaveson, and Hacker. Defendants argue the amendment would be futile because Rebel could not have entered into any contracts for the use of its communications tower. In particular, Defendants note that neither Rebel nor the Water District had the authority to lease out the portion of the property on which Rebel constructed the tower.

The court disagrees. A claim for interference with prospective economic advantage does not require the existence of a valid contract. *See Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 953 (Cal. 2003) (citation omitted) ("[T]he tort of interference with prospective economic advantage . . . is not dependant on the existence of a valid contract.") As such, that Rebel could not have entered valid contracts does not affect Rebel's ability to assert an intentional interference with prospective economic advantage claim. The court will permit the amendment.

**B. Civil Conspiracy**

Under Nevada law, an actionable civil conspiracy "consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damages results from the act or acts." *Hilton Hotels Corp. v.*

---

delay or prejudice, the court will grant Rebel leave to amend this claim.

*Butch Lewis Prods*., 862 P.2d 1207, 1210 (Nev. 1993) (citing *Sutherland v. Gross*, 772 P.2d 1287, 1290 (Nev. 1989)). To prevail in a civil conspiracy action, a plaintiff has to prove an explicit or tacit agreement between the tortfeasors. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001).

Defendant Smith opposes this amendment under the "intra-corporate conspiracy doctrine." The doctrine provides, "Agents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not individuals for their individual advantage." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983).

Rebel alleges that the individual defendants, acting in their official capacities, conspired with the Water District and the City to interfere with Rebel's contract with the Water District. Because Rebel alleges that the individual defendants acted in their official capacities, Rebel has admitted that these defendants could not conspire with the Water District or the City. The proposed amendment is therefore futile.[3]

**C. Concert of Action**

"[L]iability attaches for concert of action if two persons commit a tort while acting in concert with one another or pursuant to a common design." *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 111 (Nev. 1998) (citation omitted), *overruled in part on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001). For the same reasons the intra-corporate conspiracy doctrine bars Rebel's civil conspiracy claim, the doctrine bars Rebels concert of action claim.[4] Accordingly, the court

---

[3] The court notes that this decision does not affect Rebel's claim for civil conspiracy against the Water District and the City. The court further notes that while a claim for civil conspiracy may not lie between individual employees or agents of the same organization, because Defendants Gustaveson and Hacker serve on two different boards, the City and the Water District, Rebel may assert a civil conspiracy claim against these two defendants. If Rebel seeks to pursue such a claim, the court will grant Rebel leave to amend.

Finally, to the extent that Rebel seeks to allege a conspiracy claim against the individual defendants for actions taken in their individual capacities, the court will grant Rebel leave to amend.

[4] Likewise, for the same reasons the court will permit Rebel to amend its civil conspiracy claim, the court will permit Rebel to amend its concert of action claim.

will deny the amendment as futile.

**C.  Business Disparagement**

Rebel's claim for business disparagement is identical to the claim asserted in its original complaint.  The court has dismissed this claim, finding that Smith is entitled to absolute immunity under Nevada Revised Statutes section 241.0353 for statements he made during the course of public meetings held by the Water District.  Although the court also recognized that, to the extent Rebel seeks to assert claims against Smith based on statements made outside of any public meetings section 241.0353's immunity does not protect Smith from liability, Rebel has neither identified any such statements nor alleged that any additional statements constitute business disparagement.  As such, the court will deny this amendment as futile.

IT IS THEREFORE ORDERED that Rebel's Motion to Amend (#39) is DENIED in part and GRANTED in part.

Rebel shall have fifteen (15) days from the entry of this order to file a second amended complaint reflecting the amendments permitted by this order.

IT IS SO ORDERED.

DATED this 9th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE