UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REBEL COMMUNICATIONS, LLC,<br><br>             Plaintiff,<br><br>v.<br><br>VIRGIN VALLEY WATER DISTRICT; et al.,<br><br>             Defendants. | 2:10-CV-0513-LRH-PAL<br><br>ORDER |

Before the court is plaintiff Rebel Communications, LLC's ("Rebel") motion for an order granting limited discovery and a modified briefing schedule. Doc. #103.[1] Defendants filed an opposition (Doc. #104) to which Rebel replied (Doc. #105).

**I.   Facts and Background**

This action involves an alleged breach of contract between Rebel and defendant Virgin Valley Water District ("VVWD") arising from a contract for the building and lease of a communications tower near Mesquite, Nevada, and alleged intentional interference with that contractual relationship by individual defendants.

On April 9, 2010, Rebel filed its initial complaint against defendants. Doc. #1. Subsequently, on September 24, 2010, Rebel filed an amended complaint. Doc. #70. In response to

---

[1] Refers to the court's docket number.

the amended complaint, individual defendants filed a special motion to dismiss pursuant to Nevada's Anti-SLAPP statute, NRS 41.660. Doc. #84. Thereafter, Rebel filed the present motion for limited discovery to oppose the motion. Doc. #103.

**II.  Discussion**

Nevada's Anti-SLAPP statute, found at NRS § 41.635 *et seq.*, provides that a defendant may file a special motion to dismiss within sixty days after service of the complaint. NRS § 41.660(3)(a). If a special motion is filed, the court must treat the motion as one for summary judgment and stay discovery pending a ruling on the motion. NRS § 41.660(3)(b). However, in federal court, a plaintiff is entitled to seek limited discovery to oppose an anti-SLAPP motion. *See e.g., Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 850 (9th Cir. 2001); *see also, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (a court is required to permit discovery where the nonmoving party has not had the opportunity to discover information that is essential to its opposition). Limited discovery is permitted when the plaintiff has "identified and requested discovery of probative information solely available from the defendants." *Metabolife*, 264 F.3d at 850.

Here, Rebel seeks deposition testimony from individual defendants Robert Smith, Karl Gustaveson, and Timothy R. Hacker, as well as VVWD's and the City of Mesquite's Rule 30(b)(6) representatives, and limited document production relating to statements about the building of a separate communications tower in Mesquite, Nevada to compete with the Rebel communications tower. *See* Doc. #103. The court has reviewed the papers and pleadings on file in this matter and finds that Rebel is entitled to limited discovery to oppose defendants' special Anti-SLAPP motion. However, the court finds it necessary to outline the scope of Rebel's pre-opposition discovery.

Discovery is limited solely to those documents and issues relevant to opposing defendants' anti-SLAPP motion. Rebel is entitled to take the depositions of defendants, as well as VVWD's and the City of Mesquite's Rule 30(b)(6) representatives, but questioning shall be limited to: (1) the

1  issue of the building of a communications tower in Mesquite, Nevada; (2) any statements or
2  communications made by the defendants, their agents or representatives in connection with that
3  issue, including defendants' mental state, the circumstances and basis upon which any statements
4  were made; (3) knowledge of any statement's falsity, and (4) the relationship between individual
5  defendants, defendant VVWD, and the City of Mesquite. Document production shall likewise be
6  limited to these issues.

8  IT IS THEREFORE ORDERED that plaintiff's motion for an order granting limited
9  discovery and extending the briefing schedule (Doc. #103) is GRANTED. Plaintiff is granted leave
10 to conduct discovery in accordance with this order. Plaintiff shall file its oppositions to defendants'
11 special motion to dismiss (Doc. #84) and motion to stay (Doc. #85) within sixty (60) days after
12 entry of this order. Defendants shall file their reply fifteen (15) days after plaintiff's oppositions.

13 IT IS SO ORDERED.
14 DATED this 25th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3