UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

REBEL COMMUNICATIONS, LLC,

    Plaintiff,

v.

VIRGIN VALLEY WATER DISTRICT; et al.,

    Defendants.

2:10-CV-0513-LRH-PAL

ORDER

Before the court is defendants Robert Smith ("Smith") and Karl Gustaveson's ("Gustaveson") renewed special motion to dismiss (Doc. #84[1]) to which defendant Timothy Hacker ("Hacker") joined (Doc. #86). Plaintiff Rebel Communications, LLC ("Rebel") filed an opposition (Doc. #111) to which moving defendants replied (Doc. #112).

**I.    Facts and Background**

This action involves an alleged breach of contract between Rebel and defendant Virgin Valley Water District ("VVWD") arising from a contract for the building and lease of a communications tower near Mesquite, Nevada, and the alleged intentional interference with that contractual relationship by moving defendants.

On April 9, 2010, Rebel filed its initial complaint against defendants. Doc. #1.

---

[1] Refers to the court's docket number.

Subsequently, on September 24, 2010, Rebel filed an amended complaint. Doc. #70. In response to the amended complaint, individual defendants filed the present renewed special motion to dismiss pursuant to Nevada's Anti-SLAPP statute, NRS 41.660. Doc. #84. Moving defendants seek dismissal of Rebel's claims for intentional interference with contractual relations, intentional interference with prospective economic advantage, civil conspiracy, and concert of action. *Id*.

## II. Discussion

### A. Intentional Interference Claims

In its complaint, Rebel alleges that defendants Smith, Gustaveson, and Hacker, as members of the VVWD Board of Directors and Mesquite City Council, made statements both during public meetings and outside of public meetings designed to disrupt the ongoing business relationship between Rebel and VVWD. *See* Doc. #70.

In their motion, moving defendants argue that they are absolutely immune from suit as to all communications made during a public meeting. *See* Doc. #84. The court agrees. The court, in a previous order, addressed the issue of statements made during a public meeting. *See* Doc. #63. In that order, the court found that pursuant to Nevada Revised Statutes section 241.0353, statements made during public meetings are entitled to absolute immunity from suit. Doc. #63 at 3. Therefore, the court shall grant defendants' motion as to any and all claims based on statements they made during public meetings.

As to those statements made outside of a public meeting, defendants argue that they are also immune from suit because they were protected communications under Nevada's Anti-SLAPP provision. *See* Doc. #84. Nevada's Anti-SLAPP statute, found at NRS § 41.635 *et seq.*, provides that a defendant may file a special motion to dismiss within sixty days after service of the complaint if the complaint is brought against a person based upon good faith communications made in furtherance of the right to petition. NRS § 41.660. Under NRS § 41.637, a good faith communication in furtherance of the right to petition means any "written or oral statement made in

2

1  direct connection with an issue under consideration by a legislative, executive or judicial body, or
2  any other official proceeding authorized by law, which is truthful or is made without knowledge of
3  its falsehood." NRS § 41.637(3).

4      The purpose of the special motion to dismiss is to filter out "unmeritorious claims in an
5  effort to protect citizens from costly retaliatory lawsuits arising from their right to free speech under
6  both the Nevada and Federal Constitutions." *John v. Douglas County School Dist.*, 219 P.3d 1276,
7  1282 (Nev. 2009). The moving party bears the initial burden of production and persuasion. *Id*. This
8  requires the moving party to make a threshold showing that it made good faith communications in
9  furtherance of the right to petition the government. *Id*. If this showing is satisfied, and only if this
10 showing is satisfied, does the burden of production shift to the nonmoving party to demonstrate a
11 genuine issue of material fact. *Id*.

12     The court has reviewed the documents and pleadings on file in this matter and finds that
13 defendants were engaged in good faith communications covered by NRS § 41.627(3). Prior to the
14 present motion, the court granted Rebel leave to conduct significant discovery about the individual
15 defendants' communications. *See* Doc. #106. The discovery included taking the depositions of the
16 named defendants, as well as several other individuals, and document requests for communications
17 involving the building of another communications tower in Mesquite. *Id*. The evidence before the
18 court obtained through that initial discovery, including the various e-mails to other council
19 members and the BLM, as well as the defendants' public statements and other communications,
20 establishes that the individual defendants were engaged in a concerted effort to have a new
21 communications tower built, which Rebel concedes was an issue before the Mesquite City Council
22 at that time. Because defendants' communications regarded a matter of concern under
23 consideration by the representative legislative body, the court finds that the identified
24 communications are protected petitioning activity. Accordingly, the court shall grant moving
25 defendants' motion.
26

**B. Conspiracy Claims**

To establish a claim for civil conspiracy, a plaintiff must establish: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the plaintiff must establish with particular specificity "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

Here, there is no evidence before the court as to how the individual defendants joined in any conspiracy or how they specifically participated in a conspiracy to deprive Rebel of its rights. Further, Rebel has not established any underlying tortious action that the individual defendants were engaged in that is not immune from suit. Accordingly, the court shall grant moving defendants' motions as to this issue.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #84) is GRANTED. Defendants Robert Smith; Karl Gustaveson; and Timothy R. Hacker are DISMISSED as defendants in this action.

IT IS FURTHER ORDERED that defendants' motion to stay (Doc. #85) is DENIED as moot.

IT IS SO ORDERED.

DATED this 20th day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4