UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REBEL COMMUNICATIONS, LLC, | |
| Plaintiff, | 2:10-CV-0513-LRH-GWF |
| v. | |
| VIRGIN VALLEY WATER DISTRICT; et al., | ORDER |
| Defendants. | |

Before the court is plaintiff Rebel Communications, LLC's ("Rebel") Motion for Reconsideration or Clarification (#117). Defendants Robert Smith and Karl Gustaveson filed an opposition (#122), in which defendant Timothy Hacker joined (#123), and Rebel replied (#126).

Rebel's motion is directed at this court's Order (#116) of March 20, 2012, in which the court granted the Renewed Special Motion to Dismiss (#84) filed by Smith and Gustaveson and joined in by Hacker (#86). The court determined that defendants are absolutely immune from suit pursuant to NRS § 241.0353 regarding statements made during public meeting, that Nevada's Anti-SLAPP statute, NRS § 41.635 *et seq.*, shields defendants from suit as to protected statements made outside of public meetings, and that Rebel's civil conspiracy claims must also be dismissed because, *inter alia*, Rebel had not established any underlying tortious action that the individual defendants were engaged in that is not immune from suit. (Order (#116), pp. 2-4.) The court accordingly dismissed Smith, Gustavsen and Hacker as defendants, but without specifying whether

the dismissal was with or without prejudice. (*Id.* at 4.)

Rebel now seeks either clarification that the dismissal was without prejudice, or reconsideration if the dismissal was with prejudice. Rebel contends that the dismissal should be without prejudice because discovery is not complete and wishes to have the opportunity to re-file against the individual defendants in the event of newly discovered information. (Motion (#117), p. 5.) Defendants oppose the motion, contending that the dismissal was necessarily with prejudice as an adjudication on the merits under Fed. R. Civ. P. 41(b) and NRS § 41.660(4).

If a special motion to dismiss is filed under Nevada's Anti-SLAPP statute, the statute requires the court to "[t]reat the motion as a motion for summary judgment," and any dismissal pursuant to such motion "operates as an adjudication on the merits." NRS § 41.660(3)(a), (4). Accordingly, the court's dismissal of the individual defendants in this case pursuant to their special motion to dismiss must be with prejudice as an adjudication on the merits. Rebel's speculative hope to discover additional information through discovery does not alter this result. The Anti-SLAPP statute gives primacy to special motions to dismiss over general discovery. *See* NRS § 41.660(3)(b). And to the extent Rebel was entitled to discovery under the federal rules, the court already granted Rebel limited discovery for purposes of opposing defendants' Anti-SLAPP motion. (*See* Order (#106), pp. 2-3.)

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration or Clarification (#117) is DENIED.

IT IS SO ORDERED.

DATED this 1st day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE