UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REBEL COMMUNICATIONS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VIRGIN VALLEY WATER DISTRICT; ) <br> et al., ) <br> ) <br> Defendants. ) | 2:10-CV-0513-LRH-GWF <br><br> ORDER |

Before the court are defendants Robert Smith and Karl Gustaveson's motion for attorneys' fees (#119) and defendant Timothy Hacker's joinder and supplement (#120). Plaintiff Rebel Communications, LLC ("Rebel") filed an opposition (#124), and defendants Smith and Gustaveson replied (#127).

Defendants' motion follows this court's Order (#116) of March 20, 2012, in which the court granted the Renewed Special Motion to Dismiss (#84) filed by Smith and Gustaveson and joined in by Hacker (#86). The court determined that defendants are absolutely immune from suit pursuant to NRS § 241.0353 regarding statements made during public meeting, that Nevada's Anti-SLAPP statute, NRS § 41.635 *et seq.*, shields defendants from suit as to protected statements made outside of public meetings, and that Rebel's civil conspiracy claims must also be dismissed because, *inter alia*, Rebel had not established any underlying tortious action that the individual defendants were engaged in that is not immune from suit. (Order (#116), pp. 2-4.) The court accordingly dismissed

Smith, Gustavsen and Hacker as defendants. (*Id.* at 4.) Further, in a subsequent order denying Rebel's motion for reconsideration or clarification, the court has determined that the dismissal operated as an adjudication on the merits under NRS § 41.660 and was therefore with prejudice.

Defendants now move for attorneys' fees pursuant to the Anti-SLAPP statute, which provides in pertinent part: "If a court grants a special motion to dismiss filed pursuant to NRS 41.660 . . . [t]he court shall award reasonable costs and attorney's fees to the person against whom the action was brought . . . ." NRS § 61.670(1). Defendants accordingly seek to recover attorneys' fees incurred in their defense, including preparing and prosecuting their initial and renewed special motions to dismiss and conducting relevant discovery. Smith and Gustaveson seek $51,136.00 in fees, and Hatcher requests $17,720.00 in fees.

Having reviewed the parties submissions and the pleadings and papers on file in this action, the court finds that the individual defendants are indeed entitled to reasonable attorneys' fees pursuant to NRS § 61.670(1). *See Verizon Delaware, Inc. v. Covad Comm. Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004).

The court rejects Rebel's contention that attorneys' fees should be denied because it has prosecuted this action in good faith and because the court previously determined that Rebel has demonstrated a likelihood of success on the merits. Not only is there no such exception in the statute, but Rebel's argument pertains to portions of this case entirely separate and apart from its dismissed claims against the individual defendants. The court's likelihood-of-success finding was made in the context of Rebel's motion for temporary restraining order and was expressly and necessarily limited to its breach of contract claim against defendants Virgin Valley Water District and the City of Mesquite. (*See* Order (#63), pp. 1-2.) Rebel's suggestion that such ruling bears any relevance to the viability of its claims against the dismissed individual defendants is entirely without merit.

The court does find merit, however, in Rebel's contention that the defendants have failed to

carry their burden of establishing that all the fees requested are properly recoverable under NRS § 61.670.  In the circumstances of this case, the court finds that "reasonable" attorneys' fees under the statute should be limited to fees incurred in relation to the individual defendants' renewed special motions to dismiss and related discovery, and should not include fees related to such matters as the unsuccessful effort to disqualify Rebel's counsel and the City of Mesquite's opposition to Rebel's motion for temporary restraining order.  The court further finds that while the attorney affidavits supporting the defendants' motions tend to suggest that the fees requested may be appropriately limited, the affidavits are insufficiently itemized for the court to make such a finding over Rebel's objection.  *See* LR 54-16(1) (requiring "[a] reasonable itemization and description of the work performed").  Nor have defendants specifically denied inclusion of such non-recoverable fees in their affidavits or in their reply to Rebel's objections.

    IT IS THEREFORE ORDERED that within 14 days of the entry of this order Defendants shall submit supplemental affidavits in conformity with Local Rule 54-16(a)(1).  Rebel may file objections within 10 days thereafter.

    IT IS SO ORDERED.

    DATED this 1st day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE