UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

REBEL COMMUNICATIONS, LLC,

    Plaintiff,

v.

VIRGIN VALLEY WATER DISTRICT; et al.,

    Defendants.

2:10-CV-0513-LRH-GWF

ORDER

    Before the court are defendants Robert Smith and Karl Gustaveson's counsel's affidavit (#131) in support of their motion for attorneys' fees (#119) and defendant Timothy Hacker's counsel's affidavit (#130) in support of his joinder and supplement to the motion for attorneys' fees (#120). Plaintiff Rebel Communications, LLC ("Rebel") has objected to the calculation of attorneys' fees as reflected in both counsels' affidavits (#136, #139). Defendants Smith and Gustaveson have responded to Rebel's objection (#140). Defendants Smith and Gustaveson seek a total in costs and fees of $44,359.03 and defendant Hacker seeks a total of $21,519.08.

    The affidavits before the court follow this court's Order of August 2, 2012 (#129), in which the court granted Defendants' motion for attorneys' fees under Nevada's Anti-SLAPP statute, NRS § 41.635 *et seq*. The court found "that 'reasonable' attorneys' fees under the statute should be limited to fees incurred in relation to the individual defendants' renewed special motions to dismiss and related discovery." (Order of August 2, 2012 (#129), p. 3.) The court further found that

counsels' affidavits memorializing the related fees were, at that point, "insufficiently itemized" for the court to grant an award of attorneys' fees. (*Id*.) *See also* LR 54-16(b)(1) (requiriing "[a] reasonable itemization and description of the work performed"). Therefore, the court ordered Defendants to submit supplemental affidavits itemizing their request for attorneys' fees in more detail. (Order of August 2, 2012 (#129) at p. 3.)

The court finds that defendants Smith and Gustaveson's request for attorneys' fees encompassing work unrelated to the renewed special motion to dismiss (#84) is inappropriate. The court specifically delimited the scope of work for which an award of attorneys' fees was contemplated: work respecting the renewed special motion to dismiss. (Order of August 2, 2012 (#129), p. 3.) Therefore, any work relating to the first special motion to dismiss (#18) is not within the scope of this court's contemplated award. In addition, the first special motion to dismiss was not "granted" within the meaning of Nevada's Anti-SLAPP statute; rather, the court granted defendant Smith's "motion to dismiss" based on absolute privilege. (Order of July 27, 2010 (#63), p. 3.) Since it is the Anti-SLAPP statute that authorizes attorneys' fees, and since the court did not grant a motion based on the Anit-SLAPP statute until it considered the renewed special motion to dismiss, defendants Smith and Gustaveson may not recover attorneys' fees for work prior to work conducted on the renewed special motion to dismiss. However, defendants Smith and Gustaveson are entitled to their requested costs because Rebel's objections to these costs are untimely. *See* LR 54-13(a) (providing that objections to a bill of costs should be filed no later than fourteen days after service of the bill of costs).

Defendant Hacker's counsel presents in his affidavit a still-skeletal itemization of attorneys' fees. Counsel affirms that he spent "109.8 hours" on various tasks while his associate spent "10.0 hours." Such exacting measurements–down to tenths of hours–suggest that counsel can provide an equally exacting itemization of the time spent on the work performed. However, counsel does not approach this degree of specificity in itemizing time spent; instead, he lists four approximate blocks of time ("approximately" 22 hours, 25 hours, 12 hours, and 61 hours) associated with four tasks

1  (responding to the amended complaint, reviewing the other defendants' motion to dismiss,
2  responding to requests for production, and preparing for and attending depositions). Yet the first
3  task–responding to the amended complaint–falls outside of the scope of the attorneys' fees award.
4  (*See* Order of August 2, 2012 (#129), p. 3.) Furthermore, counsel does not identify which tasks he
5  performed and which tasks his associate performed, and this information is necessary to determine
6  whether the fee is reasonable in light of the "experience, reputation, and ability of the attorney." *See*
7  LR 54-16(b)(3)(I). Nor does counsel identify what portion of time spent attending depositions was
8  spent on travel, and this information is necessary to determine if a lower travel-time fee applies.[1]
9  Nor does counsel divide the time he spent attending depositions between his representation of two
10 clients in this dispute, one of whom (Hacker) is awarded attorneys' fees while the other is not.

11         Thus, the only verified and "reasonab[ly] itemiz[ed]" work performed by defendant Hacker's
12 counsel is attendance at the relevant depositions. (*See* Plaintiffs' Opposition (#136), pp. 2-3.) It is
13 clear that this time totals 21 hours and 36 minutes.[2] If counsel's two clients split the cost of this
14 time–since counsel appeared on behalf of both clients each time–then defendant Hacker is
15 responsible for 10 hours and 48 minutes. Furthermore, counsel's associate is responsible for 2
16 hours and 21 minutes of this time.[3]

17         IT IS THEREFORE ORDERED Defendants' motion for attorneys' fees (#119) is
18 GRANTED.
19 ///
20

---

21     [1] Defendant Hacker's counsel has charged the hourly partner rate for the entirety of this time, rather than charging a portion of this time to the lower travel rate.
22

23     [2] Counsel surely spent time preparing for these depositions. However, on the given itemization,
24 it is impossible to tell what time was spent traveling, what time is due to counsel's associate's work, and what time was spent in preparations specific to defendant Hacker. The requirement of a "reasonable itemization" is designed to avoid such imponderables.
25

26     [3] As with defendants Smith and Gustaveson, Rebel failed to object to the amount of defendant Hacker's costs in a timely manner.

1  IT IS FURTHER ORDERED that defendants Smith and Gustaveson are hereby awarded $29,200.93 in costs and attorneys' fees.

IT IS FURTHER ORDERED that defendant Hacker is awarded $5,360.33 in costs and attorneys' fees.

IT IS SO ORDERED.

DATED this 16th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE