UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

REBEL COMMUNICATIONS, LLC, a Nevada )
limited liability company,            )
                                      )
                        Plaintiff,    )     Case No. 2:10-cv-00513-LRH-GWF
                                      )
vs.                                   )     **ORDER**
                                      )
VIRGIN VALLEY WATER DISTRICT, *et al.*, )   Motion to Amend Answer (#161)
                                      )
                        Defendants.   )
_____)

This matter comes before the Court on Defendant Virgin Valley Water District's ("Defendant") Motion to Amend to Assert an Additional Counterclaim (#161), filed on May 28, 2013. Plaintiff filed its Opposition (#163) on June 13, 2013. Defendant filed its Reply (#166) on July 9, 2013.

**BACKGROUND**

The basis of Plaintiff's Complaint (#70) is an alleged breach of contract regarding Defendant's lease of land to Plaintiff to build a telecommunication tower. Plaintiff alleges that in violation of warranties made, a portion of the leased property was not owned by Defendant but by the Bureau of Land Management ("BLM"), which cited Plaintiff for trespass after Plaintiff constructed the tower. Defendant first moved to amend its answer to assert counterclaims on November 13, 2012. *See Motion, Doc. #141*. The Court denied the Motion (#141) in part because it was untimely. *See January 25, 2013 Order, Doc. #150*. The Court subsequently granted Defendant's Motion for Reconsideration (#151), and granted Defendant leave to amend its answer. Defendant now moves to again amend its answer to assert an additional counterclaim for

declaratory relief, a timely request under the operative Scheduling Order (Doc. #157).

## DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides that parties may seek leave to amend pleadings and that "[t]he court should freely give leave when justice so requires." Courts should apply this rule with extreme liberality. *Ence v. AAA Nevada Ins. Co.*, No. 2:11-CV-00713-KJD, 2012 WL 1292472, at *1 (D. Nev. Apr. 16, 2012). In exercising its discretion, the Court may consider several factors including: "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985).

Title 28 of the United States Code Section 2201 provides that, in a case of actual controversy within its jurisdiction, courts "may declare the rights and other legal relations of any interested party seeking such declaration." If the Court imposes a declaratory judgment, it "shall have the force and effect of a final judgment or decree." 28 U.S.C. § 2201. The Court should deny declaratory relief "when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985). Declaratory judgment's purpose is to declare future rights of a party and not to remedy past harms. *Williams v. Bank of Am.*, No. 2:12-CV-2513-JAM-AC, 2013 WL 1907529, at *5 (E.D. Cal. May 7, 2013). Courts should not "grant declaratory relief if the asserted controversy involves only future or speculative rights." *Hunt v. State Farm Mut. Auto. Ins. Co.*, 655 F. Supp. 284, 286 (D. Nev. 1987). For a declaratory judgment claim to be ripe, the moving party must show that the dispute is "definite and concrete." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Indemnification counterclaims are not ripe if they are based on contingent future events that may or may not occur as anticipated. *Frontline Processing Corp. v. First State Banks of Eldorado*, 389 F. Appx. 748, 754 (9th Cir. 2010).

Here, Defendant seeks to assert an alternative third counterclaim for declaratory relief. Defendant's first and second counterclaims seek money damages for breach of contract and contractual indemnity. *See Proposed Amended Counterclaim, Doc. #162, Exh. 1*. Defendant

represents that there are outstanding notices of trespass from the BLM regarding the subject tower and trespass.  Defendant further represents that it is increasingly probable that the BLM will not assess the fees and penalties regarding the trespass in this matter until the time of trial or other resolution of liability.  Defendant therefore argues that the precise amount of damages it seeks under the first two claims for relief may not be ascertainable by the time of trial.  Defendant's proposed additional alternative counterclaim seeks a declaration that Plaintiff "is liable for the damages caused by its breach [...] including trespass fees or other fines assessed by the BLM, reasonable attorneys fees and legal expenses related to [Defendant's] dealing with the BLM concerning the trespass issues, and the reasonable cost of the removal of the tower from the premises." *See Proposed Counterclaim, Doc. # 162, Exh. 1* at ¶ 40(c).

The Court finds that Defendant's declaratory judgment claim relates to an actual controversy and that the dispute is concrete.   There is a "realistic danger of sustaining" injury as opposed to imaginary or merely speculative danger. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000); *See also Georgia-Pacific Consumer Prod., LP v. Int'l Paper Co.*, 566 F.Supp.2d 246, 255 (S.D.N.Y. 2008) (finding a claim for declaratory relief between private parties was not unripe because a government agency had begun enforcement actions against the parties).  Although the amount of fees and fines the BLM will assess and the manner in which it will apportion them between the Parties are indefinite, Defendant represents the existence of the trespass notice and the inevitability of the imposition of fines, fees, and costs are definite.  It therefore appears likely that if the BLM does not impose fees until the issue of liability is settled, the amount of damages may be incalculable at trial.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Amend  (#161) is **granted**.

**IT IS FURTHER ORDERED** that Defendant shall file the proposed pleading (Doc. #162, Exh. 1) within 5 days of the date of this Order.

DATED this 26th day of August, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge