UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REBEL COMMUNICATIONS, LLC, | 2:10-CV-0513-LRH-GWF |
| Plaintiff, | |
| v. | ORDER |
| VIRGIN VALLEY WATER DISTRICT; *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff Rebel Communications, LLC's ("Rebel") Motion for Partial Reconsideration. Doc. #231.[1] Defendants Virgin Valley Water District ("VVWD") filed a Response (Doc. #232), to which Rebel replied (Doc. #236).

**I.    Facts and Procedural Background**

This case involves agreements between Rebel, VVWD, and the City of Mesquite, Nevada ("the City") to build telecommunications towers in Clark County, Nevada.[2]  The motion presently before the Court involves Rebel's expert witnesses.  On February 11, 2013, Rebel timely disclosed Douglas Radtke ("Radtke") of Spectrum Economics ("Spectrum") as its expert witness.  This disclosure included a copy of Radtke's expert report and curriculum vitae.  On May 17, 2013, Rebel timely disclosed Radtke as its rebuttal expert and attached a copy of Radtke's rebuttal expert

---

[1] Refers to the Court's docket number.

[2] For a detailed description of the facts underlying this case, *see* Doc. #230 at 2-5.

report. On June 5, 2014, VVWD sent Rebel a subpoena for Radtke regarding a deposition scheduled on June 18, 2014. After attempting to contact Radtke, Rebel learned that Radtke was no longer employed by Spectrum, and that another employee, Eric C. Frye ("Frye"), had been assigned to the matter. Rebel contends that Frye had been involved in drafting the expert report with Radtke. Rebel informed VVWD that Frye was now Spectrum's representative, and rather than formally substituting Frye as Rebel's expert, sought approval of VVWD to *informally* substitute Frye as their expert.

On June 11, 2014, the parties submitted their fifth stipulation seeking extension of the discovery order. Doc. #179. The stipulation noted that Frye would be deposed on June 18, 2014. At the deposition, VVWD acknowledged that Frye had been informally substituted as Rebel's expert witness, but expressly reserved any potential objections. Doc. #220, Ex. A, Ex. 1 at 5:19-21.

Rebel filed a Complaint against Defendants on April 9, 2010, and an Amended Complaint on September 24, 2010. Doc. #1; Doc. #70. The parties filed Motions for Summary Judgment on February 2, 2015 (Doc. #192; Doc. #193; Doc. #194), and VVWD filed its Motion to Exclude Expert Testimony on February 19, 2015 (Doc. #198). On July 9, 2015, the Court ordered that the Motions for Summary Judgment both be granted in part and denied in part. Doc. #230 at 25. The Court also granted Defendants' Motion to Exclude Frye's testimony. *Id.* The Court noted that Frye had never formally been substituted as Rebel's expert, and that Rebel had not submitted a report describing Frye's experience and a summary of his intended testimony. *Id.* On August 7, 2015, Rebel filed the present Motion to Reconsider the Court's Order excluding Frye's testimony. Doc. #231.

**II.      Legal Standard**

Upon motion by a party within twenty-eight days of the entry of judgment, the court may alter or amend its findings under Federal Rule of Civil Procedure 59(e). A party can also seek reconsideration under Federal Rule of Civil Procedure 60(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the

initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). District courts have discretion regarding whether to grant a motion to amend under Rule 59(e) or 60(b). *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014).

### III.    Discussion

Rebel's Motion to Reconsider does not identify any newly discovered evidence, clear error in the initial decision, or an intervening change in controlling law to justify reconsideration. However, Rebel reiterates many of the arguments made in opposition to Defendants' prior Motion to Exclude Frye's testimony and attaches the same attorney declaration previously filed with the Court as support. Rebel's Motion also includes a new declaration in which Frye explains his qualifications and how he became involved as an expert in this case. Doc. #213, Ex. 2. Rebel requests that the Court reconsider its prior order excluding Frye's testimony, or in the alternative, grant leave to formally substitute Frye as an expert. VVWD argues that Rebel still has not formally substituted Frye as an expert, nor has Rebel filed an appropriate expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

The Court's prior order granting Defendants' Motion to Exclude Frye's testimony without prejudice was clear that Frye's testimony was excluded because (1) he had not been formally substituted as an expert, and (2) Rebel had not submitted a report that complied with Rule 26(a)(2)(b). Doc. #230 at 25. The Court anticipated that Rebel would formally substitute Frye and submit a compliant report prior to moving for the inclusion of Frye's testimony. Rebel did not do so, and merely requested that the Court reconsider its prior Order despite the absence of newly discovered evidence, clear error, or an intervening change in law. Accordingly, Rebel's Motion to Reconsider is denied.

///

However, the Court shall grant Rebel leave to formally substitute Frye as an expert and submit a Rule 26(a)(2)(b) compliant report—describing Frye's experience and a summary of his intended testimony.  VVWD argues that the Court should not grant leave to substitute Frye because Rebel was not diligent in formally substituting Frye for Radtke.  Indeed, where expert reports are filed late, courts routinely deny requests for additional time to file due to the importance of adhering to the court's scheduling order.  *Morin v. United States*, 534 F. Supp. 2d 1179, 1189 (D. Nev. 2005) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)).  This rule is not directly applicable because Rebel's original expert report was timely filed and Rebel now seeks to formally substitute a replacement expert.  *See Green v. City and County of San Francisco*, No. 10-cv-2649, 2015 WL 1738025, at *4 (N.D. Cal. Apr. 8, 2015) (declining to apply the late disclosure rule to "the timely replacement of an expert due to the unavailability of the original expert"); *Nat'l R.R. Passenger Corp. v. Expresstrak, LLC*, No. 02-1773, 2006 WL 2711533, at *4 (D.D.C. Sept. 21, 2006) (granting leave to submit an expert report after the deadline because the original expert report was timely filed and the need to substitute an expert occurred after complying with the scheduling order).  After Radtke left Spectrum, VVWD agreed to informally accept Frye as an expert during his deposition, subject to subsequent objections.  To the Court's knowledge, VVWD did not assert any objections to Frye's testimony until filing its Motion to Exclude, and the Court did not rule on this Motion until July 9, 2015.  The Court granted Defendants' Motion to Exclude without prejudice, but did not set a date before which Rebel needed to move for Frye's testimony to be included.  Thus, the Court declines to find that failure to submit these documents to date indicates lack of diligence.

The Court notes that the parties are scheduled to file a joint pretrial order by October 30, 2015, and that the parties have set a settlement conference for November 6, 2015.  The Court therefore grants leave to substitute Frye and submit a compliant expert report, but such substitution must occur within fourteen days of this Order.

///

IV. Conclusion

IT IS THEREFORE ORDERED that Rebel's Motion to Reconsider (Doc. #231) is DENIED.

IT IS FURTHER ORDERED that Rebel's Request for Leave to Substitute Frye as an Expert is GRANTED. Rebel shall formally substitute Frye as an expert and serve an expert report that complies with Rule 26(a)(2)(b) on VVWD within fourteen (14) days of this Order.

IT IS SO ORDERED.

DATED this 12th day of September, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE