UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| REBEL COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>VIRGIN VALLEY WATER DISTRICT; *et al.*,<br><br>    Defendants. | 2:10-CV-00513-LRH-GWF<br><br><u>ORDER</u> |

Before the Court is Defendant Virgin Valley Water District's ("VVWD") Motion for Partial Reconsideration or Clarification of the Order. Doc. #237. Plaintiff Rebel Communications, LLC ("Rebel") filed an Opposition (Doc. #240), to which VVWD replied (Doc. #241).

A motion for reconsideration may be brought pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Relief under Rule 60(b)(6) . . . is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations

omitted). Specifically, under Rule 60(b)(6), a court may relieve a party from a final judgment, order, or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) to avoid judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). In either circumstance, a motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

Here, the Court finds that VVWD has failed to establish any of the aforementioned grounds justifying relief. Instead, VVWD merely asserts the same arguments it set forth at summary judgment. Accordingly, the Court declines to reconsider its July 9, 2015 Order. Doc. #230. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion); *see also Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted) (motions for reconsideration are not "the proper vehicles for rehashing old arguments").

IT IS THEREFORE ORDERED that VVWD's Motion for Reconsideration (Doc. #237) is DENIED.

IT IS SO ORDERED.

DATED this 19th day of October, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE